38 F.3d 609
 309 U.S.App.D.C. 34
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
In re SEALED CASE.
 No. 93-3196.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 19, 1994.
 
 Before: MIKVA, Chief Judge; SILBERMAN and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed substantially for the reasons stated by the district court in its memorandum opinion filed on July 15, 1992, denying appellant's motion to suppress physical evidence, and for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant challenges the district court's denial of his motion to suppress physical evidence on three grounds, arguably raising two new grounds on appeal.
 
 
 5
 It is unclear whether appellant preserved for appeal his argument that because the allegedly isolated walkway, in which this encounter with police took place, was the functional equivalent of a secluded room, he was, in the totality of circumstances, improperly seized. In any event, since this was an area used by other passengers who might pass by at any time and was not a separate or closed room, it was a public area, not a police-dominated location that was inherently coercive or threatening. See Florida v. Royer, 460 U.S. 491, 502-03 (1983) (seizure when encounter shifts from public concourse to closed room where defendant interrogated by two officers). Given the district court's factual findings, which are not clearly erroneous, we conclude that this encounter was consensual and did not implicate the Fourth Amendment. See Florida v. Bostick, 111 S.Ct. 2382, 2386 (1991); United States v. Lewis, 921 F.2d 1294, 1297 (D.C.Cir.1990); United States v. Winston, 892 F.2d 112, 116-17 (D.C.Cir.1989).
 
 
 6
 Based on its consideration of the totality of the surrounding circumstances, Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973), the district court's finding that appellant voluntarily consented to the search of his bag is also not clearly erroneous. See Lewis, 921 F.2d at 1301 (relevant circumstances include visibility of weapons, physical intimidation, threats, unusual setting or time, prolonged retention of papers, and officer tone of voice).
 
 
 7
 Finally, under these circumstances, the district court properly determined that appellant's unqualified consent extended to any package contained within his bag that could reasonably contain the narcotics for which the officers searched. See Florida v. Jimeno, 500 U.S. 248, 251-52 (1991); United States v. Springs, 936 F.2d 1330, 1334-35 (D.C.Cir.1991). Appellant failed to argue before the district court that the scope of consent did not extend to the wrapped package within his bag because the insertion of the police officer's knife posed a risk to the subcontainer or its contents. As a result, there exists no factual record to indicate the existance of any damage or that the container or its contents were rendered useless. See Springs, 936 F.2d at 1334-35 (consent extended to baby powder subcontainer which was not damaged or rendered useless by the officer's search). In any event, this court has previously upheld the penetration of subcontainers with a nail-file component of a pocket-knife in a voluntary consent search setting. See United States v. Battista, 876 F.2d 201, 203, 207-08 (D.C.Cir.1989).